IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIK SHABAZZ, #R53189, <br><br>    Plaintiff, <br><br>v. <br><br>SGT. COTTONARD, <br><br>    Defendant. | Case No. 24-cv-00100-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  This case was severed from *Shabazz v. Issacs et al.,* No. 23-cv-03005-SMY, on January 16, 2024, and is limited to claims against Defendant Sergeant Cottonard for the excessive use of force and the denial of medical treatment that occurred at Big Muddy Correctional Center on July 27, 2022 (Counts 6 and 7). (Doc. 1). Plaintiff's claims are now before the Court for preliminary review. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

  Plaintiff is a wheelchair-bound inmate, who suffers from partial paralysis as a result of old gunshot wounds that left several bullets lodged in his body. (Doc. 2, p. 13). Because of his injuries, Plaintiff also has episodes of incontinence. (*Id.*). On July 27, 2022, while at Big Muddy River Correctional Center, Plaintiff needed a shower after soiling himself. Plaintiff was taken to

segregation instead of the shower. (*Id.* at p. 14). At the direction of Sergeant Cottonard, officers used excessive force against Plaintiff and caused him to fall from his wheelchair and injure himself. Instead of helping him back into his wheelchair, the officers dumped him on the floor of his segregation cell and denied him medical attention for four hours until he was transferred to Lawrence Correctional Center. (*Id.*).

Based on the allegations in the Complaint, the Court *redesignates* the claims as follows:

**Count 1:**   Defendant Cottonard directed the use of excessive force against Plaintiff on July 27, 2022, in violation of the Eighth Amendment.

**Count 2:**   Defendant Cottonard denied Plaintiff medical treatment for injuries he sustained on July 27, 2022, in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint concerning the events of July 27, 2022, but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Discussion

Plaintiff claims that correctional officers, acting on the directions of Defendant Cottonard, used excessive force against Plaintiff causing him to fall out of his wheelchair and carried and dumped him on the floor of his segregation cell. Plaintiff was injured during the incident and then denied medical care for his injuries. Construing the Complaint liberally, these allegations are sufficient for Counts 1 and 2 to proceed against Cottonard. *See Backes v. Vill. of Peoria Heights, Ill.*, 662 F. 3d 866, 870 (7th Cir. 2011) (supervisors may be "personally liable for the acts of [their] subordinates" if they "know about the conduct and facilitate it, approve it, condone it, or turn a

---

[1] *See Bell Atlantic, Corp., v. Twombly*, 550 U.S. 544, 570 (2007).

blind eye") (internal quotations and citations omitted).

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel, which is **DENIED.** (Doc. 16). As a litigant in a civil case, Plaintiff has no right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, a District Court "may request an attorney to represent any person *unable to afford counsel*." 28 U.S.C. § 1915 (e)(1) (emphasis added). Plaintiff has not submitted any documentation to demonstrate to the Court that he is indigent. As he has paid the filing fee in full and is not proceeding *in forma pauperis* in this case, the Court has no basis for concluding that he is unable to afford counsel as is required by Section 1915(e). Thus, motion is denied without prejudice.

### DISPOSITION

For the reasons stated above, the Complaint, as limited by the severance order at Document 1, survives preliminary review pursuant to Section 1915A. Plaintiff shall proceed with Counts 1 and 2 against Defendant Cottonard.

Because Plaintiff's claims involve physical injury and his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Sergeant Cottonard the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint (Doc. 2) and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to

the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   October 16, 2024

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**